# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRET MERRICK,

           Petitioner,        :       Case No. 3:21-cv-245

  - vs -                               District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution,

                                        :
                Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by petitioner Bret Merrick to obtain relief from his conviction in the Common Pleas Court of Greene County, Ohio, on two counts of aggravated murder and associated firearm specifications. The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Proceedings which provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Merrick pleads the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel, in violation of the Sixth Amendment, for failing to raise various timely objections.
>
> **Supporting Facts:** Counsel failed to make sure the record was supplemented from the initial indictment proceedings, failed to object to *Miranda* violations, [and] failed to follow through on suppression issues.

1

>**Ground Two:** The trial court erred in failing to correct a manifest injustice, in violation of due process of law and right to a fair trial under the 6th and 14th Amendments.
>
>**Supporting Facts:** Denial of suppression issues under the initial indictment (*Miranda* and custodial interrogation). The trial court allowed their decision to stand under the final indictment.

(Petition, ECF No. 1-1, PageID 14, 16).

Merrick claims he raised both of these grounds for relief on direct appeal to the Ohio Second District Court of Appeals (Petition, ECF No. 1-1, PageID 11). Although he sought review by the Supreme Court of Ohio, he reports that court declined to accept jurisdiction. He avers that he did not file any petition for post-conviction relief.

The decision of the Second District Court of Appeals reflects that Merrick pleaded guilty to two counts of involuntary manslaughter with a firearm specification and an agreed sentence of twenty-five years. *State v. Bret Merrick*, 2020-Ohio-5209 ¶ 3 (Ohio App. 2nd Dist. Nov. 6, 2020), appellate jurisdiction declined, 163 Ohio St. 3d 1452 (2021). With the assistance of new counsel, he appealed, but his appointed counsel found no appealable issues and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The Second District agreed, but reviewed on the merits the assignments of error Merrick filed *pro se*. Finding no error, they affirmed the conviction and sentence.

The Magistrate Judge takes Merrick at his word in the Petition and assumes that he raised on direct appeal the issues he now raises in this Court. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. §

2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Concerning the issues raised by Merrick in his *pro se* brief, the court concluded:

> {¶ 14} We now turn to Merrick's pro se brief. The brief asserts that the trial court erred when it overruled a motion to suppress statements filed in Case No. 2017-CR-57, and it also seems to assert that appellate counsel rendered ineffective assistance of counsel by not raising the suppression issue on appeal. The plea agreement states that Merrick "stipulates and agrees, with the advice of counsel, that he withdraws and waives any potential constitutional challenge to any and all evidence obtained by the police and prosecution." This language is consistent with the reality that, upon pleading guilty, a defendant "waives his ability to challenge [a] suppression ruling on appeal." *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221, ¶ 5, citing *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 5, citing *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Based upon the parties' agreement and the case law, any appellate argument attacking the trial court's suppression ruling would be wholly frivolous, and appellate counsel cannot be faulted for a failure to assert a wholly frivolous argument.

*State v. Merrick, supra*. This conclusion is completely consistent with federal constitutional law which provides that a knowing, intelligent, and voluntary guilty plea waives prior constitutional violations. A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266.

At the suggestion of counsel that the record might support a claim that the plea was not

knowing, intelligent, and voluntary, the Second District opined:

> {¶ 13} Count one of the bill of information set forth the elements of involuntary manslaughter, stating that Merrick had "cause[d] the death of William 'Skip' Brown as a proximate result of * * * committing or attempting to commit Aggravated Burglary * * *." The firearm specification stated that Merrick "had a firearm on or about his person or under his control while committing the offense, and displayed the firearm, brandished the firearm, indicated he possessed the firearm, or used it to facilitate the offense * * *." Count two stated that Merrick had "cause[d] the death of Sherri Mendenhall as a proximate result of * * * committing or attempting to commit * * * Aggravated Burglary." Thus, Merrick, by pleading guilty, admitted to the facts set forth in the two counts of involuntary manslaughter and the firearm specification. Moreover, the parties' plea agreement stated that Merrick "acknowledges that he has consult[ed] with his attorneys since he was indicted regarding the charges contained in Case No. 2017-CR-57 and the Bill of Information in Case No. 2018-CR-691, which are both related factually to the murders of William Brown and Sherri Mendenhall, and has continued to consult with his attorneys regarding a resolution of the deaths of William Brown and Sherri Mendenhall." The plea agreement also stated that the "parties contemplate that * * * Merrick will on the record and in open court confirm that he did not shoot either William Brown or Sherri Mendenhall with any firearms whatsoever." Merrick, on the record and in open court, did so state. The record supports the conclusion that Merrick subjectively understood the nature of the two involuntary manslaughter counts and the firearm specification to which he pleaded guilty. Any appellate argument to the contrary would be without potential merit.

*State v. Merrick, supra*.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and

circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  Again, the Second District's decision is completely consistent with this federal constitutional law.

**Conclusion**

Having reviewed the Petition under Habeas Rule 4, the Magistrate Judge concludes that the Ohio Second District Court of Appeals decided Merrick's constitutional claims on the merits and its decision is not an unreasonable application of relevant Supreme Court precedent. Accordingly, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 7, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.