# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRET MERRICK,

    Petitioner,  :  Case No. 3:21-cv-245

 - vs -        District Judge Thomas M. Rose
            Magistrate Judge Michael R. Merz

WARDEN,
 Noble Correctional Institution,

            :
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

  This habeas corpus case, brought *pro se* by petitioner Bret Merrick, is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice ("Report," ECF No. 4).

  Petitioner pleads two grounds for relief: Ineffective assistance of counsel, in violation of the Sixth Amendment, for failing to raise various timely objections (Ground One); and trial court error in failing to suppress evidence in the initial indictment (Ground Two). The initial Report found that the Second District Court of Appeals had decided these two claims on the merits on direct appeal and that its decision was entitled to deference because neither contrary to nor an objectively unreasonable application of Supreme Court precedent (Report, ECF No. 4, PageID 44, quoting *State v. Merrick*, 2020-Ohio-5209 ¶ 3 (Ohio App. 2nd Dist. Nov. 6, 2020)). Essentially the Second District found Merrick's guilty plea was knowing, intelligent, and voluntary and therefore

1

waived prior constitutional issues.

Merrick's appeal was from his conviction in Greene County Case No. 2018-CR-691. He had previously been indicted in Greene County Case No. 17-CR-57. The indictment in that case had charged him with, *inter alia*, two counts of aggravated murder with specifications which would have made him eligible for the death penalty if convicted. His counsel negotiated a very favorable plea agreement to two counts of involuntary manslaughter which were charged in a Bill of Information under the second case number. *State v. Merrick, supra*.

Merrick now objects to the Magistrate Judge's recommended deference to the Second District's decision because, he claims,

> Here, on Direct Appeal the Appellate Court failed to review the propriety of the dismissal of the earlier indictment (Greene C. P. No. 2017-CR-57) upon an appeal from a judgment of conviction under the later indictment (Greene C. P. No. 2018-CR-691). Therefore, that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.

The precedent on which he relies is *Parr v. United States*, 351 U.S. 513 (1956), where the Supreme Court held that the propriety of a voluntary dismissal of an initial indictment in order to re-indict in a different district could be contested on appeal from a final judgment on the second indictment if the defendant preserved the issue.

Merrick raised the issues he had with the original case by filing a *pro se* brief in the Second District, claiming error in the trial court's failure to suppress certain evidence and his appellate attorney's failure to plea an assignment of error to that effect. The Second District decided those claims as follows:

> {¶ 14} We now turn to Merrick's pro se brief. The brief asserts that the trial court erred when it overruled a motion to suppress statements filed in Case No. 2017-CR-57, and it also seems to assert that appellate counsel rendered ineffective assistance of counsel by

2

> not raising the suppression issue on appeal. The plea agreement states that Merrick "stipulates and agrees, with the advice of counsel, that he withdraws and waives any potential constitutional challenge to any and all evidence obtained by the police and prosecution." This language is consistent with the reality that, upon pleading guilty, a defendant "waives his ability to challenge [a] suppression ruling on appeal." *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221, ¶ 5, citing *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 5, citing *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Based upon the parties' agreement and the case law, any appellate argument attacking the trial court's suppression ruling would be wholly frivolous, and appellate counsel cannot be faulted for a failure to assert a wholly frivolous argument.

*State v. Merrick, supra*. Thus the Second District held Merrick had waived the suppression issue by pleading guilty and, because of that waiver, then ineffective assistance of appellate counsel claim was without merit.

As the original Report concluded, the Second District's decision on the suppression issue is "completely consistent with federal constitutional law which provides that a knowing, intelligent, and voluntary guilty plea waives prior constitutional violations." (Report, ECF No. 4, PageID 44).

*Parr* is not inconsistent with this conclusion. It does not suggest that a guilty plea does not waive suppression issues. Indeed, multiple Supreme Court decisions subsequent to *Parr* reinforce that principle. See, e.g., *Tollett v. Henderson*, 411 U.S. 258 (1973).

*Parr* is also inapplicable because it is not a constitutional decision at all. What counts in habeas is Supreme Court precedent clearly establishing constitutional principles. *Parr* is about what constitutes a final appealable decision inside the federal court system. It does not speak to a situation where a defendant negotiates a favorable plea agreement and the guilty plea occurs under a different case number.[1]

---

[1] The reason for applying a separate case number has to do with the technicalities of capital indictments. The practice

3

Upon reconsideration, the Magistrate Judge concludes that the initial Report was correct and again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 25, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

---

is common in Ohio when a lesser charge is substituted for a capital indictment.