# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRET MERRICK,

        Petitioner,       :      Case No. 3:21-cv-245

 - vs -                                District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution,

                                     :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by petitioner Bret Merrick, is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Supplemental Report and Recommendations recommending the Petition be dismissed with prejudice ("Supplemental Report," ECF No. 9). District Judge Rose has recommitted the case for reconsideration in light of the most recent set of Objections (ECF No. 15).

Petitioner pleads two grounds for relief: Ineffective assistance of counsel, in violation of the Sixth Amendment, for failing to raise various timely objections (Ground One); and trial court error in failing to suppress evidence in the initial indictment (Ground Two). The initial Report found that the Second District Court of Appeals had decided these two claims on the merits on direct appeal and that its decision was entitled to deference because neither contrary to nor an objectively unreasonable application of Supreme Court precedent (Report, ECF No. 4, PageID 44,

1

quoting *State v. Merrick*, 2020-Ohio-5209 ¶ 3 (Ohio App. 2nd Dist. Nov. 6, 2020)). Essentially the Second District found Merrick's guilty plea was knowing, intelligent, and voluntary and therefore waived prior constitutional issues. The Magistrate Judge reiterated this same conclusion in the Supplemental Report.

Merrick now claims his guilty plea was not knowing, intelligent, and voluntary because his trial attorney failed to advise him of the adverse consequences of pleading guilty and of being convicted on the second indictment (Objections, ECF No. 14, PageID 66). In other words, he claims his waiver of constitutional claims by pleading guilty should be set aside because it resulted from ineffective assistance of trial counsel.

Merrick says he raised this claim in the Petition, but it is not to be found there. While he admits pleading guilty, he nowhere accuses his attorney of ineffective assistance of trial counsel resulting in the guilty plea. Moreover when he appealed he raised no issue about the voluntariness of the plea and the Second District found the plea was valid, applying the correct federal standard for validity. *State v. Merrick,* 2020-Ohio-5209 (2nd Dist. Nov. 6, 2020), relying on *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).

Ineffective assistance of counsel in giving incorrect advice on the effects of pleading guilty could render the guilty plea invalid. But first any such claim would have to be properly exhausted in the state courts. See *Edwards v. Carpenter*, 529 U.S. 446 (2000). Because Merrick's claim of ineffective assistance of trial counsel by poor advice about pleading guilty depends on evidence outside the direct appeal record, it should have been brought by petition for post-conviction relief under Ohio Revised Code § 2953.21. According to his Petition, Merrick has never filed a post-conviction petition and his time to do so expired 365 days after the record on appeal was complete. Because the Second District rendered it decision on appeal on November 6, 2020, more than 365

days ago, the record on appeal must have been complete before that. That time limit in Ohio Revised Code § 2953.23 is jurisdictional and not subject to extension by the Common Pleas Court. Therefore Merrick has lost his opportunity to litigate his claim of ineffective assistance of trial counsel as rendering his guilty plea unknowing. He is bound by the Second District's finding that his guilty plea was knowing, intelligent, and voluntary.

Moreover, this is an entirely new claim raised for the first time in a set of objections to a supplemental report and recommendations. New claims in habeas cannot be raised in a traverse, much less in objections. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Merrick also claims his guilty plea was involuntary because at the time he entered into it, he signaled that he was acting under duress by putting the initials "V.C." before his signature on the Memorandum of Understanding which embodies the plea agreement in the case. He has attached a copy of that document to his instant Motion and it does indeed contain that notation (ECF No. 14-1). Merrick claims that "V.C." stands for the Latin phrase "Vi Coactus" which he says translates as "having been forced." Although he attaches the Memorandum of Understanding, he claims to have signed in the same way other papers (the waiver of plea form, the plea and sentence agreement, and the verdict criminal forfeiture) having to do with the guilty plea (ECF No. 14, PageID 68). However, he attaches none of them. As to the legal effect of attaching the initials "V.C." to his signature, he cites Wikipedia (ECF No. 14-2). A search of Wikipedia confirms the accuracy of Petitioner's citation.

Whatever the literal meaning of "V.C.," it has no legal effect under these circumstances. Federal criminal and constitutional law does not allow a defendant to make solemn undertakings in open court and under oath and then avoid them by figuratively crossing his fingers behind his

3

back. To prevent such claims, Ohio R. Crim. P. 11 requires a thorough colloquy between a pleading defendant and the court accepting his or her plea, a colloquy which the Second District found occurred in this case.

Merrick was indicted capitally in this case and could have faced the death penalty if convicted at trial. Because of this, he was appointed two attorneys, including Dennis Lieberman, who has been litigating capital cases in Montgomery County for more than thirty-five years. Merrick's comments in his Objections that

> Under the circumstances, Merrick notes that he doesn't know what's more alarming, the fact he was allowed, in open court, to sign each document "V.C. Bret Merrick" or that no one (the Court, the State, or his Counsel) questioned why he signed each document "V.C. Bret Merrick" because the abbreviation "V.C." was a disqualifying mark.

(ECF No. 14, PageID 68). The Magistrate Judge is certain that if Attorney Lieberman or any of the other experienced attorneys in the case had believed "V.C." meant Merrick was crossing his fingers behind his back on his promises, they would have stopped the proceedings. In fact the initials "V.C." in front of Merrick's signature have no more legal significance that the invocation of portions of the Uniform Commercial Code in pleadings filed by adherents of the "sovereign citizen" movement, i.e., none at all. Merrick cites not a single case in which a court has held that signing with "V.C." actually relieves a person of the obligation to perform under a contract. and in particular that such a signature on a plea agreement in a criminal case renders the plea even prima facie involuntary.

**Conclusion**

Merrick's Objections are without merit and should be overruled. The Magistrate Judge

reiterates his recommendation that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 30, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #